**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2074-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEVON ROBINSON, a/k/a
JEVON COLEMAN-ROBINSON,

    Defendant-Appellant.

_____

> Submitted December 10, 2024 – Decided February 12, 2025
>
> Before Judges Gilson and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 14-03-0778.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jevon Robinson appeals from a December 8, 2022 order denying his second petition for post-conviction relief (PCR) following an evidentiary hearing. Defendant also appeals from a March 16, 2023 order denying his motion for a new sentence. Having reviewed the arguments, record, and governing law, we affirm both orders.

I.

In July 2013, when defendant was sixteen years of age, he, together with co-defendants, formed a plan to rob marijuana from a dealer. The co-defendants arranged a meeting to buy marijuana from L.O.[1] Defendant, armed with a handgun, drove with his co-defendants in a car to the arranged meeting. On the way, they picked up M.E.

When defendant met with L.O., L.O. apparently concluded that defendant and his companions did not intend to buy the marijuana, and he began to walk away. Defendant then pulled out his handgun, shot, and killed L.O. As defendant was shooting at L.O., M.E. tried to stop him. In an ensuing struggle, defendant hit M.E. on the head with his handgun.

On March 18, 2014, defendant waived prosecution as a juvenile and agreed to be prosecuted as an adult. That same day, he pled guilty to first-degree

---

[1] We use initials for the victims to protect their privacy interests. R. 1:38-3(c).

aggravated manslaughter, N.J.S.A. 2C:11-4(a), and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1).

In accordance with his plea agreement, defendant was sentenced to twenty-three years in prison with periods of parole ineligibility and supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was also sentenced to a concurrent term of ten years in prison on the second-degree aggravated assault conviction.

Defendant did not file a direct appeal. Instead, in March 2018, defendant filed his first petition for PCR, contending that his trial counsel had provided ineffective assistance. Defendant was assigned PCR counsel, who submitted supplemental papers on his behalf.

On February 22, 2019, Judge Gwendolyn Blue, the same judge who had accepted defendant's plea and sentenced him, heard oral argument on his PCR petition. That same day, the judge issued an order denying the petition and explaining the reasons for the denial on the record. We affirmed the order denying defendant's first PCR petition. State v. Robinson, No. A-0039-19 (App. Div. Nov. 25, 2020).

In September 2021, defendant moved to file a notice of direct appeal as within time. We denied that motion, as well as a motion for reconsideration.

State v. Robinson, No. A-0522-21 (App. Div. Nov. 9, 2021); State v. Robinson, No. A-0522-21 (App. Div. Dec. 8, 2021).

In January 2022, defendant filed his second PCR petition. That petition was also considered by Judge Blue. Judge Blue granted defendant an evidentiary hearing on his contentions that his trial counsel had been ineffective in failing to file a direct appeal and his first PCR counsel had been ineffective in failing to raise that issue in his first petition.

At the evidentiary hearing, Judge Blue heard testimony from three witnesses: defendant's trial counsel, defendant's first PCR counsel, and defendant. Defendant's trial counsel explained that he had consulted with defendant numerous times before defendant entered his guilty plea. Trial counsel then testified that he explained to defendant that although he was waiving his right to appeal, he could still appeal. Counsel also explained that if defendant did appeal, the prosecutor would have the right to withdraw the plea agreement and reinstate the original charges. Trial counsel then testified that defendant decided not to file a direct appeal. Trial counsel also explained that consistent with that decision, defendant executed a form where he stated that he did not want "to take further action regarding [his] case."

4

Defendant's first PCR counsel testified that she recalled meeting with defendant and reviewing the issues he wanted to raise in his first PCR petition. She explained that defendant only wanted to challenge the length of his sentence, and he did not want to challenge his convictions because he was concerned that the original charges could be reinstated and could expose him to a much longer sentence.

In his testimony, defendant contended that he wanted to file a direct appeal and had told his trial counsel of that desire. He claimed that he did not understand what the word waiver meant on the form that he had signed and that his trial counsel had told him that he did not have the right to appeal because he had waived that right.

On December 8, 2022, Judge Blue placed her findings of facts and conclusions of law on the record. She also issued an order denying defendant's second PCR petition. First, Judge Blue found that the petition was time-barred. Despite that finding, Judge Blue went on to analyze defendant's contentions. She rejected his arguments concerning ineffective assistance of trial counsel and first PCR counsel. She found that both defendant's trial counsel and first PCR counsel had testified credibly. In contrast, she found defendant's testimony at the evidentiary hearing to be incredible. Relying on the testimony of trial

5

counsel, as well as the form that defendant had signed, Judge Blue found that defendant had knowingly waived his right to file a direct appeal. She also found that defendant had knowingly agreed to only challenge the length of his sentence in his first PCR petition.

Judge Blue also rejected defendant's contention that his trial counsel had conflicts of interest. Trial counsel had explained that years before he undertook the representation of defendant, he represented L.O. in an unrelated criminal matter. Judge Blue found credible trial counsel's testimony that he had disclosed that prior representation to both defendant and his mother and that neither defendant nor his mother had objected. Judge Blue also found that there was no conflict of interest because the Public Defender's Office, through separate attorneys, had represented defendant and one of his co-defendants.

Shortly before Judge Blue issued her decision on the second PCR petition, defendant filed a motion for a new sentence, contending that he was entitled to consideration of mitigating factor fourteen. On March 16, 2023, Judge Blue heard argument on that motion. That same day, she denied the motion issuing a written order and explaining the reasons for her ruling on the record. Judge Blue concluded that defendant had no entitlement to consideration of mitigating factor fourteen because that mitigating factor was first adopted in 2020 and did

not apply to his sentence, which had been imposed in 2014. See State v. Lane, 251 N.J. 84 (2022).

## II.

Defendant now appeals from the December 8, 2022 and March 16, 2023 orders. On this appeal, defendant raises two arguments, which he articulates as follows:

> POINT [I]: [DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL FAILED TO FILE A DIRECT APPEAL AND [FIRST] PCR . . . COUNSEL FAILED TO RAISE [THAT] ISSUE.
>
> POINT [II]: THIS MATTER SHOULD BE REMANDED FOR A NEW SENTENCING HEARING.

A.   The Second PCR Petition.

We affirm the order denying defendant's second PCR petition for two reasons. First, the petition was time-barred. Second, it otherwise lacked substantive merit.

Rule 3:22-12(a) provides that "no second or subsequent petition shall be filed more than one year after" the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases

on collateral review; or (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Rule 3:22-12(b) then provides that "[t]hese time limitations shall not be relaxed, except as provided herein." We have explained that subparagraph (b) was added "to make clear that the general time limits to file a petition for post-conviction relief as set forth in [Rule 3:22-12] cannot be enlarged or relaxed except as specifically set forth in [Rule 3:22-12(a)]." State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (internal quotation marks omitted).

In his second PCR petition, defendant has not asserted a newly recognized constitutional right, or that his claim of ineffective assistance of counsel is based on information or evidence that could not have been discovered earlier through the exercise of reasonable diligence. See R. 3:22-12(a)(2)(A), (B). Furthermore, defendant did not file his second PCR petition within one year of the denial of his first PCR petition. In short, defendant's second PCR petition was time-barred.

8                                                           A-2074-22

Even if we were to review the substance of his second petition, we would affirm for the reasons explained by Judge Blue. When a PCR court conducts an evidentiary hearing, we review factual and credibility findings on a deferential standard and only reverse them if they are not supported by substantial credible evidence. See State v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Nash, 212 N.J. 518, 540 (2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted). Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted).

When a defendant has pled guilty, he or she must also establish "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)) (internal quotation marks omitted). In that regard, defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)) (internal quotation marks omitted).

Having conducted a de novo review of the record, we agree with Judge Blue's decision to deny defendant's second petition. Judge Blue found both defendant's trial counsel and his first PCR counsel to be credible. Relying on their credible testimony, Judge Blue then found that defendant had not requested his trial counsel to file a direct appeal, nor had he asked his first PCR counsel to raise the issue of the failure to file a direct appeal. Instead, Judge Blue found that defendant knowingly and voluntarily decided not to pursue a direct appeal. Those findings are amply supported by the record. Those findings are also consistent with the well-established law.

Judge Blue also found that trial counsel had not been ineffective concerning the alleged conflicts of interest. Again, Judge Blue relied on the credible testimony of trial counsel at the evidentiary hearing and found that the prior representation had been disclosed and waived. Judge Blue also found that there was no conflict of interest because the Public Defender's Office, through separate attorneys, was representing both defendant and one of his co-defendants. Again, those findings are supported by substantial credible evidence developed at the evidentiary hearing and they are consistent with the law.

B.    Defendant Was Not Entitled To A New Sentencing Hearing.

Defendant also moved to remand this matter for a new sentencing hearing. He contended he was entitled to a new hearing in accordance with Rule 3:21-10(b)(4), because of the 2020 adoption of mitigating factor fourteen.

On October 19, 2020, the Legislature passed, and the Governor signed into law, several recommendations of the New Jersey Criminal Sentencing and Disposition Commission. See L. 2020, c. 106; L. 2020, c. 109; L. 2020, c. 110. One of those laws added a new mitigating factor for a court to consider in imposing a criminal sentence. See L. 2020, c. 110. Specifically, mitigating factor fourteen was added so that a court "may properly consider" the mitigating

circumstance that "defendant was under [twenty-six] years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14). The New Jersey Supreme Court has ruled that mitigating factor fourteen applies prospectively and does not apply retroactively to a sentence that was imposed before the mitigating factor became effective in 2020. Lane, 251 N.J. at 96-97.

Defendant was sentenced in 2014 and his time for a direct appeal expired in 2019. R. 2:4-1(a). Accordingly, defendant is not entitled to a remand for a consideration of mitigating factor fourteen.

Defendant has also cited to a line of cases addressing the considerations that must be undertaken when a juvenile is sentenced to life imprisonment or a lengthy prison sentence. See Miller v. Alabama, 567 U.S. 460, 465 (2012); State v. Zuber, 227 N.J. 422, 451-53 (2017); State v. Comer, 249 N.J. 359, 401 (2022). In Miller, the United States Supreme Court held that it is a violation of the Eighth Amendment to impose mandatory life imprisonment, without parole, on a juvenile who was under the age of eighteen at the time he or she committed the crime. 567 U.S. at 465.

In Zuber, the New Jersey Supreme Court extended the application of the Miller factors to juveniles facing a term of imprisonment that is the practical equivalent to life without parole. Zuber, 227 N.J. at 428-30. In Comer, the New

Jersey Supreme Court held that under the New Jersey Constitution, juveniles who have previously been sentenced to a mandatory prison term of at least thirty years without parole under N.J.S.A. 2C:11-3(b)(1) will be permitted to petition for a review of their sentence after they have served two decades in prison. 249 N.J. at 369-70.

Miller, Zuber, Comer, and the line of cases that followed them, are not applicable to defendant. Defendant was sentenced to an aggregate term of twenty-three years in prison. Notably, defendant will be eligible for parole after serving eighty-five percent of his sentence and, therefore, he will be eligible for parole after serving less than twenty years. See N.J.S.A. 2C:43-7.2(a). Moreover, he has not yet served twenty years in prison.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2074-22